JAMES C. SHAH (SBN 260435)
**SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP**
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (856) 858-1770
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com

*Attorney for Plaintiff*

[Additional Counsel Listed On Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA FISHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOVENMUEHLE MORTGAGE INC.,<br><br>Defendant. | Case Number: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, Linda Fisher ("Plaintiff"), by and through her undersigned counsel, brings this class action on behalf of herself and a proposed class of all others similarly situated (defined below), against Defendant, Dovenmuehle Mortgage Inc. ("DMI" or "Defendant"), and alleges as follows:

**I.      INTRODUCTION**

1.      In response to these unprecedented times caused by the COVID-19 pandemic, Congress and the President of the United States passed the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ("CARES Act") on March 27, 2020, to provide relief to Americans and American businesses suffering from the resulting health and economic crisis.

2.     Among its provisions, the CARES Act authorizes homeowners with a federally-backed mortgage loan to request a forbearance for up to 180 days, with a right to request an extension for up to another 180 days. Homeowners requesting such a forbearance only need to claim that they are suffering from a pandemic-related financial hardship; no additional documentation is required to qualify.

3.     Plaintiff is one of the qualifying homeowners with a federally-backed mortgage loan covered by the aforementioned forbearance provisions of the CARES Act, and requested a 180-day forbearance and a 180-day extension pursuant to the CARES Act. DMI is Plaintiff's mortgage lender. Rather than grant Plaintiff the requested 180-day forbearance and 180-day extension as it was legally obligated to do under the CARES Act, DMI responded by offering a 90-day "forbearance plan," subject to Plaintiff's execution of an "Approved Forbearance Agreement" drafted by DMI which required, among other things, that Plaintiff certify that she was in "imminent danger of not making the [next] monthly payment."

4.     By unilaterally restricting the forbearance period from 180 days to 90 days, failing to grant the requested 180-day extension, and requiring that Plaintiff execute the extraneous "Approved Forbearance Agreement" and certifications therein, DMI has violated the letter and the spirit of the CARES Act. Upon information and belief, Defendant has imposed the same restrictions and requirements on other qualifying homeowners, and has thus also violated the Cares Act with respect to those homeowners (class members).

5.     Accordingly, Plaintiff seeks to remedy these harms and prevent their future occurrence, on behalf of herself and other similarly-situated homeowners. Plaintiff asserts claims for violations of the Consumers Legal Remedies Act, for DMI's violations of the unfair, fraudulent and unlawful prongs of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA").

6.     Plaintiff seeks, on behalf of herself and all others similarly situated, a declaratory judgment, preliminary and permanent injunctive relief, reasonable attorneys' fees, and any other

available relief. Moreover, as Plaintiff is a senior citizen and certain other similarly-situated homeowners are senior citizens and/or disabled, Defendant is liable for additional penalties to them under the CLRA.

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because: (i) there are 100 or more members of the class; (ii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (iii) the members of the proposed class of homeowners are citizens of a state different from that of Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant is authorized to do business and regularly conducts business in California, and the real properties subject to the mortgage loans at issue herein are situated in California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendant is authorized to conduct business in this District, and Defendant regularly conducts and transacts business in this District and is therefore subject to personal jurisdiction in this District.

## III. THE PARTIES

10. Plaintiff is a natural personal and resident of Fair Oaks, California, and is thus a citizen of California. Plaintiff is also a senior citizen as defined by California Civil Code § 1761, as she is 65 years of age or older.

11. DMI is a Delaware corporation headquartered in Lake Zurich, Illinois, and is thus a citizen of Delaware and Illinois. DMI provides mortgage services for commercial banks, thrift institutions, credit unions, mortgage bankers, and state and other finance agencies.

## IV. FACTUAL BACKGROUND

### A. Homeowner Protections Under The CARES Act

12. The CARES Act is the largest economic relief bill in U.S. history, allocating $2.2 trillion in support to individuals and businesses affected by the coronavirus pandemic and

economic downturn, which resulted in the unemployment rate jumping from 4.4% in March 2020 to 14.7% in April 2020.

13. One of the components of the CARES Act is protections for homeowners with federally backed mortgages. Specifically, Section 4022(b) provides, in relevant part, that:

> (1) IN GENERAL.—During the covered period [beginning on February 15, 2020 and ending on June 30, 2020], a borrower with a Federally backed mortgage loan experiencing a financial hardship due, directly or indirectly, to the COVID–19 emergency may request forbearance on the Federally backed mortgage loan, regardless of delinquency status, by—
>
>> (A) submitting a request to the borrower's servicer; and
>>
>> (B) affirming that the borrower is experiencing a financial hardship during the COVID–19 emergency.
>
> (2) DURATION OF FORBEARANCE.—Upon a request by a borrower for forbearance under paragraph (1), such forbearance shall be granted for up to 180 days, and shall be extended for an additional period of up to 180 days at the request of the borrower, provided that, at the borrower's request, either the initial or extended period of forbearance may be shortened.

CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 281, § 4022(b).

14. Meanwhile, Section 4022(c) provides, in relevant part, that:

> Upon receiving a request for forbearance from a borrower under subsection (b), the servicer shall with no additional documentation required other than the borrower's attestation to a financial hardship caused by the COVID–19 emergency and with no fees, penalties, or interest (beyond the amounts scheduled or calculated as if the borrower made all contractual payments on time and in full under the terms of the mortgage contract) charged to the borrower in connection with the forbearance, provide the forbearance for up to 180 days, which may be extended for an additional period of up to 180 days at the

request of the borrower, provided that, the borrower's request for an extension is made during the covered period, and, at the borrower's request, either the initial or extended period of forbearance may be shortened.

*Id.*, § 4022(c).

15. The Consumer Finance Bureau explains to homeowners:

> If you experience financial hardship due to the coronavirus pandemic, you have a right to request a forbearance for up to 180 days. You also have the right to request an extension for up to another 180 days. You must contact your loan servicer to request this forbearance. There will be no additional fees, penalties or additional interest (beyond scheduled amounts) added to your account. You do not need to submit additional documentation to qualify other than your claim to have a pandemic-related financial hardship.

https://www.consumerfinance.gov/about-us/blog/guide-coronavirus-mortgage-relief-options/#relief-options.

### B. Plaintiff's Experience

16. Plaintiff is one of the many Americans who are facing economic hardship as a result of the COVID-19 pandemic. At 70 years old, her income depends on a combination of Social Security payments, her part-time work as a bookkeeper for a small business near Sacramento, and income from her investment accounts.

17. Since the onset of the pandemic, her bookkeeping hours were completely cut for two weeks and continue to be significantly reduced. Meanwhile, her investment accounts have been adversely affected by the overall economic downturn.

18. Plaintiff has a federally-backed residential mortgage loan on her home in Fair Oaks, California, which names her and Gilbert Stroppini as the borrowers. The mortgage loan was transferred to DMI on or about February 1, 2020.

19. On April 3, 2020, Plaintiff submitted a request for a 180-day forbearance with a 180-day extension on her mortgage loan to DMI via email. In that request, Plaintiff expressly

affirmed that she was experiencing a financial hardship due to the COVID-19 pandemic, and specifically cited Sections 4022(a) and (b) of the CARES Act.

20. On April 4, 2020, Plaintiff received an email from DMI stating that her "90 day forbearance plan has been activated on our system." Plaintiff also received two letters from DMI.

21. One letter, dated April 9, 2020, informed Plaintiff that it had received her request and would provide a substantive response "as promptly as possible."

22. The second letter, dated April 8, 2020 and thus prior to the April 9, 2020 confirmation letter, provided an "Approved Forbearance Agreement" ("Agreement") setting forth the terms of the forbearance plan.

23. As with the April 4, 2020 email, the second letter and the Agreement limited the forbearance period to April 1, 2020 through June 1, 2020, which is 90 days rather than 180 days, with a 180-day extension as requested by Plaintiff and required by the CARES Act. The second letter and the Agreement also required that Plaintiff and Gilbert Stroppini, "to the extent possible," sign and return the Agreement. A copy of this letter is attached hereto as Exhibit "A."

## CLASS ACTION ALLEGATIONS

24. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings her claims against DMI for violations of the CLRA and UCL on behalf of herself and the following classes defined as follows:

**Class**

All homeowners with a federally-backed mortgage loan serviced by Dovenmuehle Mortgage Inc. in the United States.

**California Sub-Class**

All homeowners with a federally-backed mortgage loan serviced by Dovenmuehle Mortgage Inc. in California.

**California CLRA Penalty Sub-Class**

All homeowners with a federally-backed mortgage loan serviced by Dovenmuehle Mortgage Inc. in California who are senior citizens and/or are disabled as defined under Cal. Civ. Code § 1761(f) and (g).

(The "Class," "California Sub-Class" and "California CLRA Penalty Sub-Class", are collectively referred to as the "Class" or "Classes.")

25. DMI, its officers and directors, as well as the Judge to whom this case is assigned, are excluded from the Class.

26. **Numerosity/Impracticability of Joinder:** There are so many members of the Class that joinder of all members is impracticable. The Class consists of hundreds, if not thousands, of individuals. The exact size of the Class and the identities of the individual members thereof are ascertainable through DMI's records.

27. **Commonality:** There are many questions of law and fact common to the claims of Plaintiff and of the other Class members, and those questions predominate over any questions that may affect only individual Class members. Common questions of fact and law affecting members of the Class that predominate over any individualized questions include, but are not limited to, the following:

    a) Whether DMI's forbearance policy, practice, and acts violate the CARES Act;

    b) Whether DMI's forbearance policy will cause Plaintiff and the Class irreparable harm;

    c) Whether Plaintiff and the Class are entitled to a preliminary injunction with respect to DMI's forbearance policy, practice, and acts; and

    d) Whether, as a result of DMI's forbearance policy, practice, and acts, Plaintiff and the other Class members are entitled to injunctive, equitable and/or other relief, and, if so, the nature of such relief.

With respect to the California Sub-Class:

    a) Whether DMI's forbearance policy, practice, and acts are unconscionable, unfair, deceptive, unlawful and/or fraudulent under the UCL; and

    b) Whether DMI's forbearance policy, practices, and acts violate the CLRA.

With respect to the California CLRA Penalty Sub-Class:

a) Whether DMI knew or should have known that its conduct was directed to one or more senior citizens or disabled persons as those terms are defined under Cal. Civ. Code § 1761(f) and (g);

b) Whether DMI's conduct caused one or more members of the CLRA Penalty Sub-Class to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person;

c) Whether one or more members of the CLRA Penalty Sub-Class are substantially more vulnerable than other members of the public to DMI's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from DMI's conduct;

d) Whether the members of the CLRA Penalty Sub-Class have suffered substantial physical, emotional, or economic damage resulting from DMI's conduct; and

e) Whether an additional award under Cal Civ. Code § 1780(b) is appropriate.

28. **Typicality and Adequacy:** The claims of Plaintiff are typical of the claims of the other Class members. Plaintiff's claims and those of the Class members are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and the Class members. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff's counsel is experienced in the prosecution of this type of litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other Class members and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other Class members.

29. **Type of Class Action:** DMI has acted, and failed to act, on grounds generally applicable to Plaintiff and the Class members, requiring the Court's imposition of uniform injunctive and/or declaratory relief to ensure compatible standards of conduct toward the Class. As such, prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for DMI.  Class certification, therefore, is appropriate under Federal Rules of Civil Procedure 23(a) and either (b)(1) or (b)(2).

**COUNT I**
**DECLARATORY JUDGMENT AND**
**PRELIMINARY AND PERMANENT INJUNCTION**
**28 U.S.C. §§ 2201, 2202**
**(On Behalf of the Class)**

30. Plaintiff hereby repeats and realleges each and every factual allegation set forth above as if fully set forth herein.

31. There is an actual controversy between DMI and the Class (including Plaintiff) concerning the application of Section 4022 of the CARES Act.

32. Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

33. DMI's forbearance policy violates Section 4022 of the CARES Act by failing to automatically provide a 180-day forbearance period and a 180-day extension upon request by Plaintiff and the Class.

34. Accordingly, Plaintiff and the Class seek a declaration that DMI's forbearance policy is void, invalid, and unenforceable.

35. Plaintiff and the Class are likely to succeed on the merits of their causes of action set forth in Counts I-III.

36. Plaintiff and the Class will suffer irreparable harm in the absence of injunctive relief enjoining DMI from enforcing its current forbearance policy, as Plaintiff and the Class will be subject to the risk of foreclosure on their homes, and do not have an adequate remedy at law.

37. DMI will suffer no injury if the Court grants the preliminary injunctive relief that

Plaintiff and the Class seek.

38. The public interest will be served if the Court grants the preliminary injunctive relief that Plaintiff and the members of the Class seek.

**COUNT II**
**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**
**California Civil Code § 1750, *et seq*.**
**(On Behalf of the California Sub-Class and California CLRA Penalty Sub-Class)**

39. Plaintiff hereby repeats and realleges each and every factual allegation set forth above as if fully set forth herein.

40. Plaintiff and members of the California Sub-Class and California CLRA Penalty Sub-Class are consumers as defined by Cal. Civil Code § 1761(d), and the mortgage payments and services that Defendant receives and provides constitute "transactions" and "services" within the meaning of the CLRA.

41. Defendant violated, and continues to violate, the CLRA by "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." Cal. Civ. Code § 1770(a)(14).

42. Defendant's form communications with Plaintiff and the California Sub-Class and California CLRA Penalty Sub-Class indicate that it is aware of the forbearance requirements of the CARES Act, yet provided automatic terms that do not comply with the CARES Act to induce Plaintiff and the California Sub-Class to agree to less favorable terms than those mandated by the CARES Act.

43. Plaintiff and the California Sub-Class have suffered and/or will suffer damages by the wrongful acts and practices of Defendant that are in violation of § 1770(a)(14).

44. In accordance with California Civil Code § 1780(a), Plaintiff and the members of the California Sub-Class seek injunctive relief for Defendant's violations of the CLRA.

45. Plaintiff and the California CLRA Penalty Sub-Class are senior citizens or disabled persons as defined by Cal. Civil Code § 1761(f) and (g).

46. Defendant knew or should have known that its conduct was directed to one or

more citizens or disabled persons.

47. Defendant's conduct caused members of the California CLRA Penalty Sub-Class to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

48. Members of the California CLRA Penalty Sub-Class are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability.

49. Members of the California CLRA Penalty Sub-Class have suffered substantial physical, emotional, or economic damage resulting from Defendant's conduct.

50. Accordingly, an additional award pursuant to Cal. Civil Code § 1780(b) is appropriate, and Plaintiff and the members of the California CLRA Penalty Sub-Class seek an additional award of $5,000 per member.

## COUNT III
### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
Cal. Bus. & Prof. Code § 17200, *et seq.*
(On Behalf of the California Sub-Class)

51. Plaintiff hereby repeats and realleges each and every factual allegation set forth above as if fully set forth herein.

52. The UCL broadly prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

53. Defendant's forbearance policy, practices, and acts constitute unlawful, unfair, and/or fraudulent business acts and practices under the UCL.

54. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the impact on the alleged victims. Here, Defendant's forbearance policy, practices, and acts are "unfair" under the UCL because: (1) the

injury to Plaintiff and members of the California Sub-Class is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition; and (3) Plaintiff and members of the California Sub-Class could not have reasonably avoided the injury caused by Defendant's forbearance policy, practices, and act.

55. A business act or practice is "unlawful" under the UCL if the conduct at issue violates any other law or regulation. Here, Defendant's forbearance policy, practices, and acts are "unlawful" under the UCL because they violate the CARES Act and the CLRA.

56. Defendant's forbearance policy, practices, and acts are also fraudulent under the UCL as they show a pattern of untruthful statements, false representations, concealment, and intent to mislead that were all part of a scheme to mislead. Defendant's form communications with Plaintiff and the California Sub-Class indicate that it was aware of the forbearance requirements of the CARES Act, yet provided automatic terms that do not comply with the CARES Act to induce Plaintiff and the California Sub-Class to agree to less favorable terms than those mandated by the CARES Act.

57. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, and fraudulent business acts and practices as described herein (which conduct is ongoing), Plaintiff and the California Sub-Class will continue to be injured by Defendant's conduct.

58. The unlawful, unfair, and fraudulent conduct described herein is ongoing and continues to this date. Plaintiff and the California Sub-Class, therefore, are entitled to relief described below as appropriate for this cause of action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the other Class, California Sub-Class and California CLRA Penalty Sub-Class members, respectfully requests that this Honorable Court enter judgment in their favor and against DMI by:

a) Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, declaring that Plaintiff is a proper Class, California Sub-Class, and California CLRA Penalty Sub-Class representative, and appointing Plaintiff's attorneys as class counsel;

b)   Adjudging and declaring that the unlawful acts, omissions, and practices described herein constitute violations of the CARES Act and violations of the California CLRA and UCL, including the CLRA's special provisions protecting senior citizens and disabled persons;

c)   Granting preliminary and permanent injunctive relief to prohibit DMI from continuing to engage in the unlawful acts, omissions, and practices described herein;

d)   Awarding Plaintiff and the other Class members the costs and disbursements of this action, along with reasonable attorneys' fees and expenses, to the extent permitted by law;

e)   Awarding Plaintiff and members of the California CLRA Penalty Sub-Class an additional award of $5,000 each; and

f)   Granting all such other relief as the Court deems just and proper.

Dated: June 17, 2020            Respectfully submitted,

By: /s/ James C. Shah
James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (856) 858-1770
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com

Kolin C. Tang (SBN 279834)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1401 Dove Street, Suite 540
Newport Beach, CA 92660
Telephone: (323) 510-4060
Facsimile: (866) 300-7367
Email: ktang@sfmslaw.com

*Attorney for Plaintiff*